## Presbyterian Board of Pensions v. Nusbaum

*Edward F. Hitchcock,* for plaintiff; *J. Franklin Nusbaum,* for defendant.

GABLE, J., May 5, 1933.—In this action in assumpsit, the plaintiff seeks to recover from the defendant the sum of $52.79, being the amount of taxes for the year 1932 assessed against premises No. 179 North Line Road, Larchmont, Newtown Township, Delaware County, Pa., which were owned by the defendant at the time when the taxes in question were assessed and upon which the plaintiff held a mortgage which was foreclosed and the premises bought in by the plaintiff at sheriff's sale, on August 27, 1932, for the sum of $50, the sheriff's deed poll to the plaintiff being dated September 27, 1932. Thereafter, the plaintiff paid the taxes to the collector of taxes for the township, amounting to $52.79, and brought this action to recover. The bond and mortgage upon which foreclosure was had were not executed by the defendant.

In the affidavit of defense all the foregoing facts were admitted, but a defense of set-off and new matter was interposed which alleged that on or about June 15, 1932, the plaintiff as mortgagee of the premises entered into possession and collected rents therefrom amounting to $120 up to September 21, 1932, a few days prior to the date of the sheriff's deed, September 27, 1932; that there was six months' interest due April 22, 1932, in the sum of $90, upon the said mortgage, and that the sum of $120, which had been collected by the plaintiff as rent from the mortgaged premises, was sufficient to pay the overdue interest amounting to $90, leaving a balance of $30 in the hands of the plaintiff, which should have been applied by it to the payment of the overdue taxes for the year 1932, which it seeks to recover in this suit. The defendant, therefore, claims a credit in the sum of $30 against the claim of the plaintiff amounting to $52.79, leaving a balance of $22.79 admitted by the defendant to be due the plaintiff.

To the affidavit of defense, including the set-off and counterclaim, the plaintiff filed a reply in the nature of a demurrer setting up: (1) That the plaintiff has the legal right to recoup from the defendant the amount paid for taxes for the year 1932; and (2) that the rents alleged to have been received by the plaintiff as mortgagee in possession prior to the date of the sheriff's deed, totaling

602

$120, can be credited by the plaintiff against the mortgage debt and need not be credited to the payment of the taxes for the year 1932, and to the mortgage interest of $90 due April 22, 1932.

This raises a question for which there has been cited to the court no precedent decision in our State courts. It has long been settled that the owner of a mortgaged property who fails to pay the taxes assessed against the mortgaged premises while the title was in him is personally liable to a purchaser at sheriff's sale for the unpaid taxes which have been subsequently paid by the purchaser at sheriff's sale.

However, where the mortgagee has taken possession of the premises before foreclosure and collected rents therefrom, there is a duty imposed upon him to use them in the preservation of the estate by paying taxes and other encumbrances prior to the mortgage: Commonwealth National Bank v. Shoemaker, 13 W.N.C. 255.

In that case, Briggs, J., stated the principle thus: "Surely, one in the receipt of the entire income of an estate belonging to another, should not complain that he is required to pay the current taxes and expenses charged against the estate. By appropriating the income, he does precisely what the owner would otherwise do, and hence, should be treated, as to the payment of taxes and current expenses, as the owner. . . .

"The conclusion we reach is: That a mortgagee in possession is to be treated as owner, so far as concerns the payment of current taxes." This opinion of the lower court was affirmed upon appeal to the Supreme Court.

It seems to the court that the income derived from the real estate should first be applied to the payment of taxes due the state or the local governing body which has a claim superior to that of the mortgage principal or interest thereon. Thereafter, any surplus of income may be applied in payment of interest accruing upon a mortgage secured upon the premises. In this view of the case, the court is of the opinion that the plaintiff, having received the sum of $120 in rents accruing from the mortgaged premises while in its possession before the sheriff's sale, shall be required to apply therefrom the amount necessary for the payment of the taxes for the year 1932, and the plaintiff's demurrer to defendant's set-off and new matter is overruled, and judgment thereon is here entered for the defendant.